# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CHERESSA LAMBERT, AS NEXT FRIEND FOR T.T., A MINOR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 6:18-03284-CV-RK ) ) |
| NIXA PUBLIC SCHOOLS, et al., | ) ) |
| Defendants. | ) |

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Before the Court is the parties' Joint Motion to Approve the Settlement Agreement. (Doc. 30.) Plaintiff[1] brought this action against the Nixa Public Schools ("Nixa") and two individual school district employees, Karrie Long and Gena Wenger.[2] Plaintiff's action sought to hold Defendants liable for abuse and sexual harassment Plaintiff was subjected to at school by fellow students. On February 20, 2019, the case was resolved in mediation. (Doc. 28.) Now the parties seek Court approval of the settlement as to Plaintiff, who is a minor. After careful consideration, the Court finds the settlement is in Plaintiff's best interests, and Motion is **GRANTED**.

## Legal Standard

"Federal law looks to state law for the standard governing the approval of a minor settlement." *Elmore v. Mansfield*, 2013 U.S. Dist. LEXIS 82286, at *4 (W.D. Mo. June 12, 2013). Here, Missouri law provides the applicable standard because the events in this case occurred in Missouri. *See id.* at 4. "Under Missouri law, the court must approve any proposed settlement of a minor's claims, including the amount of attorney's fees." *Peters v. United States*, 2016 U.S. Dist. LEXIS 92886, at *1 (W.D. Mo. July 18, 2016). "In determining whether a parent is qualified to serve as next friend and enter a settlement agreement on the child's behalf, a court should

---

[1] Plaintiff, a minor child, brings this action by Plaintiff's Next Friend and mother, Cheressa Lambert. (Doc. 1-1 at ¶ 5.)

[2] Defendant Long was the Principal at Plaintiff's elementary school. (Doc. 1-1 at ¶ 7.) Defendant Wenger was the Counselor. (Doc. 1-1 at ¶ 8.)

consider whether the parent has the necessary knowledge and ability and whether a conflict of interest exists between the parent and the child." *Id.* (citing *Y.W. v. Nat'l Super Mrkts.*, 876 S.W.2d 785, 788 (Mo. App. 1994)). A parent who has been appointed may later be deemed ineligible if a conflict of interest between the parent and child arises. *Id.* at 4. If the parent and child are both parties in litigation, the Court should appoint a conservator ad litem to represent the child's interests. *Peters*, 2-16 U.S. Dist. LEXIS 92886, at *4-5. RSMo. § 537.184 provides the court with discretion to do the following:

> (1) [A]pprove a proposed settlement of a minor's claim; (2) authorize the next friend to execute a release of the minor's claim; (3) approve a fee contract between the next friend and an attorney representing the minor; and (4) order the next friend to pay the attorney's fee and any reasonable expenses.

*Id.* at 5. This statute's purpose is to "maximize the protection afforded to a minor's legal action and insure that any settlement is in the best interest of the child." *Fiegener v. Freeman-Oak Hill Health Sys.*, 996 S.W.2d 767, 744 (Mo. App. 1999). RSMo. § 507.188 provides:

> If, after paying the attorney fee and the expenses, the next friend or guardian ad litem has in his hands money or property of the minor child in an amount equal to or less than ten thousand dollars, then the court may, if in its discretion it finds to be the best interests of the minor to do so, order the next friend or guardian ad litem to pay, deposit, or deliver all or any part of such money or property in accordance with one of the alternatives provided by subsection 1 of section 475.330.

Subsection 1 of RSMo. § 475.330 provides that, "[w]hen the whole estate of a minor does not exceed the value of ten thousand dollars, the court may, in its discretion, without the appointment of a conservator or the giving of bond, authorize . . . "[t]he delivery thereof to a suitable person designated by the court, deliverable . . . to the minor upon his attaining the age of eighteen years."

## Discussion

### A. Apportionment, Attorney Fees, and Expenses

Defendants have agreed to pay Plaintiff five thousand dollars ($5,000) in exchange for the release of all claims against them, including dismissing this action with prejudice. Plaintiff's counsel is waiving all attorney fees and costs associated with this action. Accordingly, Cheressa Lambert, Plaintiff's mother and next friend, will receive the full settlement amount of $5,000.

The parties agree the settlement is fair and reasonable considering the nature and extent of Plaintiff's injuries, the ability of the Plaintiff to participate in trial, the theories of liability, genuine dispute about the factual basis supporting the claims for liability, and the basis of liability itself.

2

The parties assert, "liability rests on establishing a factual timeline that relies on the memory and testimony of a [child] who struggles with the realities of what happened to him in addition to coping with an extensive medical and emotional history unrelated to the events that occurred . . . [the child's] testimony must be weighed against the testimony of adult educators and caregivers." (Doc. 30.) The parties also agree, "[t]here are compelling reasons for Plaintiff to resolve the case short of trial . . . [there] is a risk a jury would not believe T.T. relative to the time and location of abuse and bullying . . . [and] Plaintiff's Next Friend is motivated by continuing the current stabilized emotional health and well-being of Plaintiff T.T. related to these events." *Id.*

### B. Conflict of Interest

The settlement does not trigger a conflict of interest because there were no claims pursued by Cheressa Lambert separate from the claims of Plaintiff, her minor child.

### C. Bond

RSMo. § 507.150.1 does not require a bond if the settlement amount is less than $10,000 and the money will be turned over to the minor or the minor's parent. Here, the settlement amount is less than $10,000, and the money will be turned over to Plaintiff's parent and next friend, Cheressa Lambert. Therefore, no bond is required.

### D. Release

While Defendants have denied and continue to deny any and all liability in this matter, Plaintiff has agreed to compromise and settle all claims made or which could have been made by Plaintiff against any Defendant which in any way arise from or in any way are related to this action in exchange for a one-time payment of the single combined sum of $5,000.00. Plaintiff's next friend has signed and executed such a release. The parties are directed to file this release with the Court.

## Conclusion

After careful consideration, the Court finds the settlement is reasonable, and the Joint Motion to Approve the Settlement Agreement (Doc. 30) is **GRANTED**. The Court **ORDERS** the following:

(1) Plaintiff is directed to collect on the judgment and distribute the proceeds in accordance with this Order;

(2) Plaintiff is directed to file a report with the Court once the funds are received and distribution finalized;

(3) The parties are directed to file the signed and executed release with the Court; and

(4) After complying with the above requirements, the parties shall file a stipulation of dismissal with the Court.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: April 16, 2019